IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORE DEVINE,<br><br>    Plaintiff,<br><br>  vs.<br><br>FRESNO COUNTY CPS, et al.,<br><br>    Defendants. | No. CV-F-05-1408 REC LJO<br><br>ORDER (1) GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR FAILURE TO STATE A CLAIM, (2) GRANTING DEFENDANTS' MOTION FOR MORE DEFINITE STATEMENT, AND (3) DIRECTING PLAINTIFF TO FILE AN AMENDED COMPLAINT WITHIN 30 DAYS.<br><br>(Doc. 4) |

On January 30, 2006, the Court heard Defendants' Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim and Motion for More Definite Statement (the "Motions"). Upon due consideration of the written and oral arguments of the parties and the record herein, the Court GRANTS the Motions as set forth below.

**I.  Facts**

The facts as they appear in the Complaint are as follows. Plaintiff Dore Devine ("Plaintiff") had an infant daughter, Lura Devine ("Lura"). At some point, Plaintiff lost custody of Lura.

1

Defendants County of Fresno (the "County"), Gary Zomalt, and Cathi Huerta placed Lura in protective custody in a foster home. Mr. Zomalt is the director of "Fresno County CPS"[1] and is employed by the County. Ms. Huerta is also a County employee. On April 25, 2004, while in protective custody, Lura died.

Plaintiff alleges that Defendants' acts or omissions caused Lura's death. Mr. Zomalt had a responsibility to adequately train the social workers involved in Lura's death. The County of Fresno, Mr. Zomalt, and Ms. Huerta ratified and condoned the activities of the social workers that resulted in Lura's death.

**II.  Procedural History**

On April 25, 2005, Plaintiff filed a Complaint in the Superior Court of California, County of Fresno. <u>Dore Devine v. Fresno Co. CPS, et al.</u>, County of Fresno Superior Court Case No. 05 CE CG 01232 AMS. The Complaint features a claim on an intentional tort theory and a claim under 42 U.S.C. section 1983 ("Section 1983") for violations of Plaintiff's civil rights, specifically the "right to life and liberty, freedom from cruel and unusual punishment, and due process." On November 8, 2005, Defendants County, Fresno County CPS, Mr. Zomalt, and Ms. Huerta (collectively "Defendants") removed the case to this Court. On

---

[1] It appears that "Fresno County CPS" refers to the County of Fresno's Department of Children and Family Services. <u>See</u> Welcome to Children and Family Services, http://www.fresnohumanservices. org/ChildrenandFamilyServices/default.htm (last visited February 1, 2006).

2

November 10, 2005, Defendants filed these Motions.[2]  On January 23, 2006, Plaintiff filed her opposition brief.  On January 25, 2006, Defendants filed their reply.

**III. Motion to Dismiss**

    **A.    Legal Standard**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).  In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). The Court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

A complaint may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  The

---

[2] The other defendants named in the Complaint do not appear to have joined in these Motions.  The other defendants are Glynda Maroney, Renee Ballin, Tony Madden, Lorraine Ramirez, Candis Ryson, and Peggy Thompson.

3

1 Court must determine whether or not it appears to a certainty
2 under existing law that no relief can be granted under any set of
3 facts that might be proved in support of a plaintiff's claims.
4 De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), cert.
5 denied, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).
6 Where the complaint fails to state a claim on which relief can be
7 granted, leave to amend "shall be freely given when justice so
8 requires."  Fed. R. Civ. P. 15(a); Allen v. Beverly Hills, 911
9 F.2d 367, 373 (9th Cir. 1990).

**B.   Fresno County CPS**

11      Plaintiff has named as a defendant in the Complaint "Fresno
12 County CPS," which she identifies as "a department of the County
13 of Fresno," in addition to naming the County of Fresno, itself.
14 Compl. at 4.  Defendants claim that Fresno County CPS, as a
15 department of a municipality, is not a person subject to
16 liability under Section 1983.
17      In the Section 1983 context, the Supreme Court has equated
18 the actions of a municipal department with the actions of the
19 municipality itself.  Brandon v. Holt, 469 U.S. 464, 472, 105 S.
20 Ct. 873, 83 L. Ed. 2d 878  (1985) (citing Monell v. N.Y. Dep't of
21 Soc. Servs. (Monell), 436 U.S. 658, 690 n. 55., 98 S. Ct. 2018,
22 56 L. Ed. 2d 611 (1978)).  Consequently, such claims are subject
23 to dismissal for failure to state a claim.  See, e.g., Vance v.
24 County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996)
25 (dismissing Department of Corrections of Santa Clara County);
26 Fields v. D.C. Dep't of Corr., 789 F. Supp. 20, 22 (D.D.C. 1992)

4

(District of Columbia Department of Corrections); Stump v. Gates, 777 F. Supp. 808, 815 (D. Colo. 1991) (city police department and county coroner's office). Plaintiff's claims against Fresno County CPS are in effect claims against the County of Fresno. Since, no claims against Fresno County CPS are cognizable, the Court concludes that leave to amend these claims would be futile. Accordingly, all claims against Fresno County CPS are DISMISSED WITH PREJUDICE.

### C.  Monell Requirement of a Policy or Custom

Defendants contend that Plaintiff has failed to state a claim against the County because she does not allege that she suffered injuries pursuant to a governmental policy or custom. In Monell, the Supreme Court held that, in the absence of an official policy, a municipality could be liable under Section 1983 where discriminatory practices are "so permanent and well settled as to constitute a 'custom or usage' with the force of law." 436 U.S. at 691.

Construing the language of the Complaint in the manner most favorable to Plaintiff, it alleges that the County inadequately trained social workers and "ratified and/or condoned" acts of social workers that infringed Plaintiff's civil rights. Compl. at 8. The Complaint also alleges that the County placed Lura Devine in a foster home, causing her death. Id. It also alleges that the County failed to protect Lura. In her opposition brief, Plaintiff claims that various "city policies" and "customs and practices" caused Plaintiff's injuries. Opp'n at 2. Nowhere

5

does the Complaint allege that an official policy or permanent and well settled practice injured Plaintiff or Lura.

Plaintiff also claims that her allegation that County inadequately trained its social workers suffices to establish a policy or practice that satisfies <u>Monell</u>. Opp'n at 3. Failure to train only serves as a basis for Section 1983 liability where it reflects a "'deliberate' or 'conscious'" choice by a municipality that amounts to its policy. <u>Doe v. Lebbos</u>, 348 F.3d 820, 831 (9th Cir. 2003) (quoting <u>City of Canton v. Harris</u>, 489 U.S. 378, 389), 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)) (county not liable for failure to train county social workers absent showing of deliberate indifference). Plaintiff failed to allege in the Complaint that the County has made a deliberate or conscious choice not to adequately train social workers that amounts to County policy. Accordingly, Plaintiffs Second Cause of Action is DISMISSED WITHOUT PREJUDICE as to the County.

Plaintiff and Plaintiff's counsel are reminded that they are subject to Rule 11 of the Federal Rules of Civil Procedure. Rule 11(b)(3) provides that by presenting a signed pleading to the court the pleader represents that the factual contentions therein "have evidentiary support" or "are likely to have evidentiary support" after reasonable discovery. Failure to comply with Rule 11 may result in sanctions, which may include dismissal of this action and the imposition of monetary sanctions.

1  **D.    Fourteenth Amendment**

2  To succeed on a Fourteenth Amendment claim based on
3  companionship and society of a relative, the plaintiff must show
4  that the government acted with "deliberate indifference" to
5  plaintiff's rights of familial relationship and society. Byrd v.
6  Guess, 137 F.3d 1126, 1134 (9th Cir. 1998).  The deliberate
7  indifference standard governs such claims because the Due Process
8  Clause does not entitle a plaintiff to recover based on merely
9  negligent conduct of a state official. Collins v. City of Harker
10 Heights, 503 U.S. 115, 127 n. 10, 12 S. Ct. 1061, 117 L. Ed. 2d
11 261 (1992); see also City of Canton, 489 U.S. at 389 n. 7, 392
12 (deliberate indifference requires a showing greater than gross
13 negligence).  Deliberate indifference standard allows relief for
14 "conduct that involves a 'conscious disregard' of public safety."
15 Fargo v. San Juan Bautista, 857 F.2d 638, 642 (9th Cir. 1988).

16 Plaintiff does not allege facts that show Defendants acted
17 with deliberate indifference to Plaintiff's relationship with
18 Lura.  She does not allege facts from which the Court can infer
19 that Defendants were aware of and disregarded any risk to Lura's
20 safety.  Rather, the Complaint merely states conclusively that
21 Defendants "ratified and/or condoned the activities of various
22 social workers which resulted in the death of Lura Devine" and
23 "violated plaintiff's civil rights by failing to protect Lura
24 Devine."  Compl. at 8.  Plaintiff does not in the opposition
25 suggest any alternative theory of recovery under the Fourteenth
26 Amendment.  Therefore, Plaintiff's Fourteenth Amendment claims in

7

the Second Cause of Action are DISMISSED WITHOUT PREJUDICE.

### E. Cruel and Unusual Punishment

Defendants contend that Plaintiffs' claim for violation of her right to "freedom from cruel and unusual punishment" fails because the Eighth Amendment's protections against cruel and unusual punishment apply only to convicted prisoners, not to citizens in general. The Supreme Court has held that "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions." Ingraham v. Wright, 430 U.S. 651, 671 n. 40, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); see also Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) ("The eighth amendment applies to 'convicted prisoners.'"); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (pretrial detainee's treatment was not properly evaluated under the Eighth Amendment because he had not been convicted). The Court held that though "evolving standards of decency" determine whether punishments are "cruel and unusual," the limitation of the Eighth Amendment's scope to criminal punishments is inflexible. Ingraham, 430 U.S. at 668 n. 36.

Plaintiff does not allege that she has been prosecuted and convicted for any crime. Nor does her opposition brief detail any theory of recovery for "cruel and unusual punishment" other than the Eighth Amendment. Accordingly, the claims for cruel and unusual punishment in the Second Cause of Action are DISMISSED WITHOUT PREJUDICE.

**F.   Liability of Supervisors**

Defendants argue that Plaintiff's Section 1983 claims against Defendants Mr. Zomalt and Ms. Huerta (collectively the "Supervisors") fail because she has not alleged their "direct or personal participation" in causing her injuries. Mot. at 4:15-16. Though supervisors may not be vicariously liable for their subordinates' actions, they can be individually liable if they are personally involved with the constitutional violation or if a sufficient causal connection exists between their wrongful conduct and the constitutional violation. Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

> Supervisory liability is imposed against a supervisory official in his individual capacity for his "own culpable action or inaction in the training, supervision, or control of his subordinates"; for his "'acquiesce[nce] in the constitutional deprivations of which [the] complaint is made'"; or for conduct that showed a "'reckless or callous indifference to the rights of others.'"

Larez v. Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations omitted). A supervisor may be liable for setting in motion acts that cause others to inflict constitutional injury. Id. at 645 (citing Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978)). Normal notice pleading requirements are heightened when a Section 1983 defendant faces personal liability for supervisory conduct. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). In such a case, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights." Id.

Larez concerned the liability of the chief of police based on actions by law enforcement officials under his command. 946 F.2d at 645. The Ninth Circuit held that the chief could be personally liable based on plaintiff's allegations that established that the chief "condoned, ratified, and encouraged" the unconstitutional actions of his subordinates. Id. at 646. Specifically, Plaintiff alleged that the chief failed to discipline officers involved or establish procedures to prevent similar violations in the future. Id. Additionally, the chief ratified the ineffectual procedures by signing a letter rejecting plaintiff's complaints. Id.

Here, the Complaint alleges merely that Zomalt "was responsible for adequately training social workers" and that Supervisors "ratified and/or condoned" actions of social workers that violated Plaintiff's rights. Compl. at 8. The Court acknowledges that a common-sense application of pleading standards must account for Plaintiff's excusable lack of detail concerning supervisors' interactions with employees. See McGrath v. Scott, 250 F. Supp. 2d 1218, 1227 (D. Ariz. 2003). Nevertheless, Plaintiff's bald assertions that the Defendants Zomalt and Huerta "ratified and/or condoned" unconstitutional conduct are insufficient to establish their personal Section 1983 liability. See, e.g., Davis v. County of Nassau, 355 F. Supp. 2d 668, 676-77 (E.D.N.Y. 2005) (dismissing claim against supervisors in their individual capacity for failure to offer "specific

10

facts" that indicated personal involvement); Rodriguez-Vazquez v. Cintron-Rodriguez, 160 F. Supp. 2d 204, 211-12 (D.P.R. 2001) (dismissing claim of supervisor liability based on failure to allege facts that "affirmatively connect the supervisor's conduct to the subordinate's violative act or omission").  Plaintiff does not point to any act or omission of Supervisors that has a causal connection to any constitutional violation.  Therefore, the Second Cause of Action is DISMISSED WITHOUT PREJUDICE as to Defendants Mr. Zomalt and Ms. Huerta.

**IV.   Motion for a More Definite Statement**

   **A.   Legal Standard**

Rule 12(e) of the Federal Rules of Civil Procedure allows for a motion for a more definite statement if a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).  Motions for a more definite statement are disfavored, but are within the Court's discretion and may sometimes be appropriate.  Osborne v. County of Riverside, 385 F. Supp. 2d 1048, 1052 (C.D. Cal. 2005).  "[P]roper pleading under Rule 8 requires a pleading to contain allegations of each element of the claim.  If it does not, and if the deficiency is not so material that the pleading should be dismissed under Rule 12(b)(6), a more definite statement is appropriate."  2 Moore's Federal Practice, § 12.36[1] (Matthew Bender 3d ed.).  A defendant is not entitled to use a Rule 12(e) simply to determine the legal theory upon which plaintiff plans to proceed.  See, e.g., Bryson v. Bank of N.Y., 584 F. Supp.

1  1306, 1319 (S.D.N.Y. 1984); <u>Sopkin v. Mo. Nat'l Life Ins. Co.</u>,
2  222 F. Supp. 984, 985 (W.D. Mo. 1963) ("The failure to
3  characterize a claim as in contract or tort is not such vagueness
4  or ambiguity that the defendant cannot frame a responsive
5  pleading in an ordinary case such as this."). "However, 'even
6  though a complaint is not defective for failure to designate the
7  statute or other provision of law violated, the judge may in his
8  discretion . . . require such detail as may be appropriate in the
9  particular case." <u>Thompson v. City of Shasta Lake</u>, 314 F. Supp.
10 2d 1017, 1022 (E.D. Cal. 2004) (quoting <u>McHenry v. Renne</u>, 84 F.3d
11 1172, 1179 (9th Cir. 1996)).

**B.  Discussion**

Defendants contend that Plaintiff's First Cause of Action "is so vague and unintelligible that defendants are unable to frame a responsive pleading without guessing as to the claim being made." Mot. at 5:23-24. Plaintiff's First Cause of Action is titled "Intentional Tort" and reads, in its entirety, as follows:

> Defendants, and each of them, recklessly and willfully, deprived plaintiff of her parental rights and took plaintiff's baby daughter away from her. They placed her daughter in protective custody. The "protection" they were supposed to provide was so inadequate that the plaintiff's baby daughter was murdered while the baby was a ward of the court.

Compl. at 6. It is unclear what tortious actions Plaintiff alleges Defendants undertook. The allegation that Defendants "deprived plaintiff of her parental rights" is merely a legal

12

1  conclusion and does not point to any conduct.  The allegation
2  that Defendants "took" Lura and "placed [her] in protective
3  custody" does not indicate what role any Defendant had in those
4  actions.  Plaintiff alleges that they inadequately protected Lura
5  and that she died as a result.  It is not clear what intentional
6  conduct any Defendant engaged in that constituted this inadequate
7  protection.  Did Defendants physically grab Lura away from
8  Plaintiff?  Did they sign a piece of paper that effectuated the
9  assignment?  Did they drive her to the foster home?  Did they
10 engage in a direct physical act that injured Lura?  Plaintiff's
11 First Cause of Action conceivably alleges that any of the
12 Defendants engaged in any of these and limitless other imaginable
13 acts.
14     The Court finds that Plaintiff's First Cause of Action is so
15 vague and ambiguous that Defendants cannot reasonably be required
16 to frame a responsive pleading.  The wording of the First Cause
17 of Action requires Defendants to guess what tortious conduct it
18 encompasses and which Defendants engaged in that conduct.  This
19 vagueness prejudices Defendants because they risk that their
20 interpretation of the claim "differs from the judge's, that
21 plaintiffs will surprise them with something new at trial which
22 they reasonably did not understand to be in the case at all, and
23 that res judicata effects of settlement or judgment will be
24 different from what they reasonably expected."  McHenry, 84 F.3d
25 1172 at 1180.  Therefore, Defendants' motion for a more definite
26 statement is GRANTED.  Plaintiff is directed to allege facts that

13

more particularly establish the nature of the intentionally tortious act or acts.  Plaintiff shall also indicate which Defendant or Defendants engaged in each alleged act.

**ACCORDINGLY:**

1. All claims against Fresno County CPS are DISMISSED WITH PREJUDICE.
2. Plaintiff's Second Cause of Action for constitutional violations under Section 1983 is DISMISSED WITHOUT PREJUDICE.
3. Defendant's motion for a more definite statement is GRANTED with respect to the First Cause of Action for Intentional Tort.
4. Plaintiff shall file an amended complaint within 30 days of the issuance of this order.  Failure to comply will result in dismissal of the action.

IT IS SO ORDERED.

**Dated:  February 1, 2006**           /s/ Robert E. Coyle
810ha4                                 UNITED STATES DISTRICT JUDGE