IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORE DEVINE,<br><br>            **Plaintiff**,<br><br>   v.<br><br>FRESNO CO. CPS, et al.,<br><br>            **Defendants** | CV F 05-1408   AWI LJO<br>(NEW DJ)<br><br>MEMORANDUM OPINION<br>AND ORDER RE<br>DEFENDANTS' MOTION TO<br>DISMISS AND MOTION TO<br>STRIKE<br><br>(Document #18) |

      This removed action concerns the death of Plaintiff's infant daughter following her placement in a foster home. Plaintiff alleges federal constitutional violations and state tort claims. This court has federal question jurisdiction over the federal causes of action pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state law causes of action pursuant to 28 U.S.C. § 1367.

**PROCEDURAL HISTORY**

      On April 25, 2005, Plaintiff Dore Devine ("Plaintiff") filed a complaint in the Superior Court of California, County of Fresno. <u>Dore Devine v. Fresno Co. CPS, et al.</u>, County of Fresno Superior Court Case No. 05 CE CG 01232 AMS. The complaint featured a claim on an intentional tort theory and a claim under 42 U.S.C. § 1983 ("Section 1983") for violations of Plaintiff's civil rights, specifically the "right to life and liberty, freedom from cruel and unusual punishment, and due process." On November 8, 2005, Defendants County of Fresno, Fresno

County CPS, Gary Zomalt, and Cathi Huerta (collectively "Defendants") removed the case to this court. On February 2, 2006, the court granted Defendants' motion to dismiss the complaint for failure to state a claim and motion for a more definite statement, directing Plaintiff to file an amended complaint within 30 days. On March 2, 2006, Plaintiff filed her first amended complaint ("FAC"), featuring claims under Section 1983 for violations of the Eighth and Fourteenth Amendments, for civil conspiracy, for violations of California Government Code § 820.21, for negligence and negligent entrustment, and for wrongful death. On March 13, 2006, Defendants County of Fresno, Fresno County CPS,[1] Zomalt, and Huerta[2] filed this motion to dismiss and motion to strike, along with the supporting declaration of Gregory Borboa. Plaintiff opposes the motions. On June 12, 2006, this case was reassigned to the undersigned due to the senior status of Judge Robert E. Coyle.

## FACTUAL ALLEGATIONS

The FAC alleges that Gary Zomalt is employed as the Director of Fresno County Child Protective Services. According to the FAC, Cathi Huerta is a social worker. The FAC alleges that, at some point, the County of Fresno ("the County") initiated a dependency proceeding in which Plaintiff was a party. According to the FAC, after the dependency proceeding, on or about October 24, 2003, Plaintiff's infant daughter, Lura Devine ("Lura"), was declared a dependant child under California Welfare and Institutions Code § 300. Thereafter, the FAC alleges, Lura was placed in foster care against Plaintiff's wishes. The FAC alleges that Plaintiff advised the County and her social worker that placement in the foster home that they selected would result in foreseeable harm or injury to Lura. Plaintiff contends in the FAC that Defendants ignored her

---

[1]  The court's order of February 2, 2006, dismissed all claims against Fresno County CPS with prejudice. Nevertheless, Plaintiff listed "FRESNO CO CPS" as a defendant in her FAC. Because all claims against Fresno County CPS have been dismissed with prejudice, the court will not address the merits of Plaintiff's claims against it. Plaintiff is directed to omit any references to Fresno County CPS as a defendant in any future filings with the court.

[2]  The other defendants named in the complaint do not appear to have joined in this motion. The other defendants are Glynda Maroney, Renee Ballin, Tony Madden, Lorraine Ramirez, Candis Ryson, and Peggy Thompson.

plea and placed Lura in a dangerous setting, which caused her death. The FAC alleges that the Defendants engaged in perjury and fabrication of evidence, failed to disclose exculpatory evidence, and obtained evidence by means of undue influence. The FAC also alleges that Defendants conspired to deprive Plaintiff of her relationship with her children.

According to the FAC, Lura remained in the foster home of Defendant Glynda Maroney from October 24, 2003, until April 25, 2004. The FAC alleges that on April 25, 2004, Lura was the victim of a homicide in the foster home. The FAC alleges that after Lura's death Defendants engaged in a cover up to suppress material evidence of their wrongdoing. Plaintiff alleges in the FAC that customs or policies enacted by the County resulted in Lura's death.

The FAC alleges that the County failed to oversee the activities of its foster parents. According to the FAC, Defendants failed to adequately train, supervise, assist, and educate social workers, employees, and foster parents regarding care for foster children. Plaintiff alleges in the FAC that the policies, customs, and procedures of the County have resulted in the deaths of other children in the foster care system.

## LEGAL STANDARDS

**A. Motion to Dismiss**

Dismissal of a complaint pursuant to Rule 12(b)(6) is proper if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 580 (9th Cir. 1983). The court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

A complaint may be dismissed as a matter of law if there is a lack of a cognizable legal

theory or if there are insufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). The court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims. De La Crux v. Tormey, 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979). Where the complaint fails to state a claim on which relief can be granted, leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); Allen v. Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990). A court may dismiss a complaint without leave to amend where "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986).

**B. Motion to Strike**

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). Immaterial matter is defined as matter that "has no essential or important relationship to the claim for relief or the defenses being pleaded." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). Impertinent matter is defined as "statements that do not pertain, and are not necessary, to the issues in question." Fantasy, Inc., 984 F.2d at 1527. Granting a motion to strike may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading will be prejudicial to the moving party. Id. A motion to strike may be used to address requested relief, such as punitive damages, that is not recoverable as a matter of law. Wilkerson v. Butler, 229 F.R.D. 166, 172 (E.D. Cal. 2005).

4

## DISCUSSION

**A. Section 1983 Claims against Zomalt and Huerta**

Defendants ask the court to dismiss the Section 1983 claims as to Zomalt and Huerta because Plaintiff has failed to sufficiently describe the conduct for which they are liable. In its order issued February 2, 2006, the court noted that

> [n]ormal notice pleading requirements are heightened when a Section 1983 defendant faces personal liability for supervisory conduct. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). In such a case, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Id.

Doc. 14 at 9:21-10:1. The court found that "Plaintiff's bald assertions that the Defendants Zomalt and Huerta 'ratified and/or condoned' unconstitutional conduct" were insufficient to state a claim for personal Section 1983 liability against Zomalt and Huerta. Id. at 10:21-24.

Plaintiff's FAC does not contain any allegations that Zomalt or Huerta was personally involved in the deprivation of Plaintiff's civil rights. Rather, the FAC merely contains vague and conclusory claims against "Defendants" generally:

- "Nevertheless, the Defendants, each of them, ignored Plaintiff's plea and recklessly placed her baby daughter in a dangerous setting resulting in the death of her daughter." FAC 3:5-7.
- "Plaintiff hereby alleges that the Defendants, each of them, engaged in a course of conduct against the Plaintiff which resulted in a deliberate indifference to her pleas and their deliberate indifference to her wishes regarding foster care placement which resulted in the needless and unnecessary death of Plaintiff's daughter, Lura Devine." FAC 3:22-4:2.
- "Plaintiff alleges that the Defendants, each of them, so negligently and recklessly failed to adequately train, supervise, assist and educate the co-defendants, social workers, co-

employees and foster parents such as to create a reasonable and foreseeable risk of immediate harm to children under the auspices of the CPS/Foster home system." FAC 10:11-16.

In her opposition, Plaintiff does not contend that she can allege Zomalt or Huerta's personal involvement in the deprivation of her constitutional rights. Rather, apparently ignoring the order of February 2, 2006, she asserts, "Mr. Zomalt and Ms. Huerta acted with deliberate indifference in the training and supervision of their staff, such that this led to the death of the minor child. No further allegation is necessary for [Rule 12(b)(6)] purposes." Doc. 24 at 6:25-7:1. The court finds that Plaintiff has failed to allege sufficient facts to show that Zomalt and Huerta's personally participated in the constitutional violations. Without such an allegation, Plaintiff has not stated a claim on which they may be found liable in their individual capacities. Accordingly, the Section 1983 claims against Zomalt and Huerta in their individual capacities are DISMISSED WITHOUT PREJUDICE.

To the extent Zomalt and Huerta are being sued in their official capacities, such claims are actually claims against the County. See Luke v. Abbott, 954 F. Supp. 202, 203 (C.D. Cal. 1997) (citing Monell v. N.Y. Dep't of Soc. Servs., 436 U.S. 658, 690 n.55., 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); Vance v. County of Santa Clara, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("The Court follows other District Courts in holding that if individuals are being sued in their official capacity as municipal officials and the municipal entity itself is also being sued, then the claims against the individuals are duplicative and should be dismissed."). Therefore, the Section 1983 claims against Zomalt and Huerta in their official capacities are DISMISSED WITH PREJUDICE.

**B. Third Cause of Action: Violation of the Eighth Amendment**

In its order of February 2, 2006, the court dismissed Plaintiff's claim under the Eighth Amendment on the ground that she had not alleged that she had been convicted of a crime. See Ingraham v. Wright, 430 U.S. 651, 671 n.40, 97 S. Ct. 1401, 51 L. Ed. 2d 711 (1977); see also

6

Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987) ("The eighth amendment applies to 'convicted prisoners.'"); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (pretrial detainee's treatment was not properly evaluated under the Eighth Amendment because he had not been convicted).  Plaintiff's FAC again includes a claim for violation of her Eighth Amendment rights but does not allege that Plaintiff has ever been a convicted prisoner.

Defendants ask the court to dismiss this claim on the basis stated in the order of February 2, 2006.  Plaintiff does not contend that she has stated a claim for violation of her Eighth Amendment rights.  She states instead that she is seeking to recover for corporal punishment by agents of the state in violation of her "Fourteenth Amendment substantive due process" rights, citing Ingraham, 430 U.S. 651.[3]  Plaintiff contends in her opposition that Lura died because the Defendants "placed the victim in a place where they knew or had reason to know they provided inadequate safeguards against corporal punishment that could result in death."  Doc. 24 at 7:19-21.  This allegation does not appear in the FAC.  Nevertheless, Defendants do not dispute Plaintiff's contention that she can amend her complaint to state a claim based on corporal punishment under the Fourteenth Amendment.  Accordingly, Plaintiff's third cause of action is DISMISSED WITHOUT PREJUDICE.

**C. Sixth Cause of Action:  Civil Conspiracy**

In her sixth cause of action, Plaintiff alleges a civil conspiracy under 28 U.S.C. § 1983 and 28 U.S.C. § 1985.  Section 1985(3) prohibits conspiracies to deprive a person of equal protection of the laws.  A claim under Section 1985(3), requires "'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.  The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all.'"  Orin v. Barclay, 272 F.3d 1207, 1217 (9th Cir. 2001) (quoting Griffin v. Breckenridge, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971)).  Moreover, "[t]o state

---

[3] Plaintiff's statement is confusing given that Ingraham did not discuss substantive due process but rather only procedural due process.  See id., 430 U.S. at 659 & n.12.

7

a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 929 (9th Cir. 2004).

Defendants argue that this cause of action is subject to dismissal because it alleges Defendants conspired to deprive Lura, who is not a plaintiff in this action, of her constitutional rights. Defendants are correct that deprivations of Lura's constitutional rights are not actionable in this case. Plaintiff also alleges in the FAC, however, that the conspiracy was to deprive Plaintiff of her relationship with her children, which appears to be a claim that her own constitutional rights were violated.

Defendants additionally contend that Plaintiff's claim fails because she does not allege that the conspiracy arose for the purpose of depriving a person or class of persons of equal protection under the law, as Section 1985(3) requires. Plaintiff does not ascribe any motive to the Defendants, let alone an "invidiously discriminatory animus." See Orin, 272 F.3d at 1217. Plaintiff merely states that Defendants sought to "deprive the Plaintiff of her relationship with her children." FAC 9:13. Furthermore, Plaintiff's allegations in the sixth cause of action fall short of the requirement that she set forth "specific facts" supporting a Section 1985(3) conspiracy claim. See Olsen, 363 F.3d at 929. Plaintiff does not allege any acts by Zomalt, Huerta, or the County that link them to a conspiracy. See, e.g., Spiegel v. City of Chicago, 920 F. Supp. 891, 900 (N.D. Ill. 1996). She does not allege any facts, such as conversations or correspondence, that reasonably demonstrate a meeting of the minds among the alleged conspirators. See id. Plaintiff has failed to state a claim for conspiracy under Sections 1983 and 1985(3). She does not contend that she can state a claim for conspiracy under any other provision. Accordingly, Plaintiff's sixth cause of action is DISMISSED WITHOUT PREJUDICE.

**D. California's Tort Claims Act**

Defendants argue that the state law claims of Plaintiff's FAC should be dismissed for

failure to allege compliance with California's Tort Claims Act, California Government Code section 900 et seq. The Tort Claims Act places requirements on those seeking to bring claims against public entities. Phillips v. Desert Hosp. Dist., 49 Cal. 3d 699, 705 (1989). The goal is to "provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if appropriate, without the expense of litigation." Id. To further this goal, a claimant must present a tort claim to the public entity within six months of the accrual of the cause of action. Cal. Gov't Code § 911.2; Phillips, 49 Cal 3d at 705. The Tort Claims Act is not a defense to an action if "the claim as presented complied substantially" with the Act's requirements. Cal. Gov't Code § 910.6(b).

### 1. Allegation of Compliance

A complaint alleging state law claims must allege compliance with the claim presentation requirement or else the state law claims are subject to dismissal. State of California v. Superior Court, 32 Cal. 4th 1234, 1239 (2004). The court has reviewed Plaintiff's FAC and has found no allegation of compliance with the claim requirement. Nor does Plaintiff contend that she has alleged compliance. Accordingly, Plaintiff's state law claims are subject to dismissal for failure to allege compliance with California's Tort Claims Act.

### 2. Possibility of Amending to Allege Compliance

Defendants contend that Plaintiff's state claims should be dismissed with prejudice on the basis that she cannot allege compliance with the Tort Claims Act.

Defendants argue that Plaintiff's tort claim failed to include all of the elements required under California Government Code § 910(f).[4] Section 910(f) requires that a tort claim in excess

---

[4] California Government Code § 910(f) provides that a tort claim must include the following:

> The amount claimed if it totals less than ten thousand dollars ($10,000) as of the date of presentation of the claim, including the estimated amount of any prospective injury, damage, or loss, insofar as it may be known at the time of the presentation of the claim, together with the basis of computation of the amount claimed. If the amount claimed exceeds ten thousand dollars

of $10,000 need not include a dollar amount, but must indicate whether the claim would be "a limited civil case." On November 10, 2004, the County served a "Notice of Insufficient Information" on Plaintiff indicating that Plaintiff had failed to comply with Section 910.

Plaintiff's FAC seeks damages in excess of $11,000,000. Accordingly, Plaintiff is required only to state whether the claim would be a limited civil case. In the "Claim for Damages" Plaintiff filed with the County, she filled in the blank labeled "TOTAL AMOUNT CLAIMED" with the word "OPEN." Borboa Decl. Ex. A. On November 10, 2004, the County served a "Notice of Insufficient Information" on Plaintiff indicating that Plaintiff had failed to comply with Section 910 and that failure to amend within 15 days would result in rejection of the claim. Borboa Decl. Ex. B. Plaintiff did not amend the claim. Borboa Decl. ¶ 5.

The "failure or refusal" to amend a claim when a notice of insufficiency issues does not bar an action so long as the claim presented is substantially in compliance with the Tort Claims Act. Cal. Gov't Code § 910.6. Consequently, Plaintiff's failure to amend is of no significance so long as her claim substantially complies. In her claim, Plaintiff failed to use the term "limited" or "unlimited" to describe the case she intended to file. Nevertheless, the indication that the case is "open" served to notify the County that the case would be unlimited. Plaintiff can amend her complaint to allege substantial compliance with Section 910(f).

Defendants also contend that Plaintiff's tort claim was untimely. The claim was filed with the County on October 27, 2004. Because of the six-month deadline specified in Section 911.2, the claim was not timely filed if the injury occurred prior to April 27, 2004. The claim specifies that the injury occurred on April 27, 2004. In at least four places, however, the FAC refers to the date of April 25:

- "The actions were directed against Plaintiff in Fresno, California *on or about April 25, 2005*[sic]." FAC 1:24-25 (emphasis added).

---

($10,000), no dollar amount shall be included in the claim. However, it shall indicate whether the claim would be a limited civil case.

10

- "From approximately October 24, 2003 to the date of Lura's death, *April 25, 2004*, Lura Devine was placed in the foster home of Glynda Maroney where the child became a victim of homicide." FAC 5:12-14 (emphasis added).
- "Plaintiff is informed and believes and thereon alleges that the last overt act in pursuance of the above-described conspiracy occurred *on or about April 25, 2005*[sic] on which date Defendants conduct resulted in the death of Lura Devine." FAC 9:18-22 (emphasis added).
- "As a proximate cause of the conduct, policies and customs enacted by Defendant FRESNO CO CPS and the Fresno County foster care system, decedent Lura Devine died *on April 25, 2004*." FAC 11:20-23 (emphasis added).

In her opposition brief, Plaintiff states that the incident occurred on April 27, 2004, as stated in the tort claim. She does not attempt to reconcile her contention in two places in the FAC that Lura died on April 25, 2004.

While leave to amend should be liberally granted, an amended complaint may only allege "other facts consistent with the challenged pleading." Reddy v. Litton Indus., 912 F.2d 291, 297 (9th Cir. 1990). An amended complaint may be dismissed "as false and sham" where allegations it contains contradict those in earlier complaints. Ellingson v. Burlington Northern, Inc., 653 F.2d 1327, 1329-30 (9th Cir. 1981) (dismissing complaint with prejudice under Rule 11 of the Federal Rules of Civil Procedure based on inconsistent allegations in other cases); see also Bradley v. Chiron Corp., 136 F.3d 1317, 1324 (Fed. Cir. 1998) (citing Ellingson, 653 F.2d at 1329-30) (upholding district court's dismissal of amended complaint based on discrepancies from the original complaint that exhibited "a transparent attempt to conform the facts to the requirements of the cause of action"). A court is not required to accept as true allegations in an amended complaint that are inconsistent with earlier allegations. Bradley, 136 F.3d at 1325-26.

It is troubling that Plaintiff does not even attempt to explain her allegations in the FAC that Lura died on April 25, 2004. In her opposition, Plaintiff merely states, "***The Claim alleges***

11

the incident occurred on April 27, 2004." Doc. 24 at 4:7-8 (emphasis added).  In the opposition she does not contradict her allegations that Lura died on April 25, 2004.

It is unclear whether Plaintiff can amend her allegations to comply with the six-month deadline without contradicting the FAC.  The court reiterates the warning from Judge Robert E. Coyle's order of February 2, 2006:

> Plaintiff and Plaintiff's counsel are reminded that they are subject to Rule 11 of the Federal Rules of Civil Procedure.  Rule 11(b)(3) provides that by presenting a signed pleading to the court the pleader represents that the factual contentions therein "have evidentiary support" or "are likely to have evidentiary support" after reasonable discovery.  Failure to comply with Rule 11 may result in sanctions, which may include dismissal of this action and the imposition of monetary sanctions.

Doc. 14 at 6:17-24.  The court can conceive of no reason why Plaintiff would fabricate a date of Lura's death inconsistent with the date stated in the tort claim.  It does not appear to a certainty that Plaintiff's attempt to amend her FAC to allege compliance with the Tort Claims Act would be futile.  See Schreiber Distrib., 806 F.2d at 1401.  Accordingly, the court declines to dismiss the state claims with prejudice on this ground.

### 3. *Scope of the Claim*

Defendants urge the court to hold that a number of the causes of action that Plaintiff alleges in the FAC fall outside of the scope of the tort claim Plaintiff filed with the County. California Government Code § 910(d) requires that a claim contain a "general description of the indebtedness, obligation, injury, damage or loss incurred so far as it may be known at the time of presentation of the claim."  The purpose of this requirement is to "'reasonably enable the public entity to make an adequate investigation of the merits of the claim and to settle it without the expense of a lawsuit.'"  Blair v. Superior Court, 218 Cal. App. 3d 221, 225 (1990) (quoting City of San Jose v. Superior Court, 12 Cal.3d 447, 456 (1974)).  If a tort claim sufficiently describes the injury, it is not deficient for failure to specify the injury's legal cause.  Id. at 225.

Defendants argue that Plaintiff's claims for "negligence, negligent entrustment, perjury,

fabrication of evidence, failure to disclose known exculpatory evidence, testimony obtained by undue influence, fraud or duress, and conspiracy" are not permissible given the scope of her tort claim. Doc. 18 at 8:15-18. Plaintiff's tort claim states that her "daughter was shaken in the care of C.P.S." resulting in mental, emotional, and psychological injuries. Borboa Decl. Ex. A. To the extent that Plaintiff's new claims in the FAC are alternative legal theories of how Defendants are liable for the death of her daughter by shaking, they are not barred by the Tort Claims Act. For the most part, this seems to be the case.

In the fourth cause of action, Plaintiff alleges that, in the process of declaring Plaintiff's daughter a dependent child, Defendants engaged in perjury and fabrication of evidence, failed to disclose exculpatory evidence, and obtained testimony by means of undue influence, fraud, or duress. As a result of this conduct, the child was placed in the foster home where she died. In her fifth and seventh causes of action, Plaintiff claims that negligent entrustment and negligence, respectively, resulted in Lura's death. Plaintiff contends in her sixth cause of action that Defendants conspired to have Plaintiff's child placed with the foster home and so caused her death. Each of these contentions is an alternative legal theory of Defendants' liability for the injury in Plaintiff's tort claim.

One of Plaintiff's allegations, however, appears to fall outside of the scope of her tort claim. In her fourth cause of action, Plaintiff alleges that, following her child's death, "a 'cover up' ensued trying to suppress material evidence to evade all liability for their wrongful conduct." FAC 5:18-19. Plaintiff's allegation of a cover up is not simply an alternative legal theory of Defendants' liability for Lura's death. Rather, it appears to seek recovery based on separate misconduct, i.e., attempts to evade liability afterward. Because Plaintiff's tort claim did not mention misconduct by Defendant following Lura's death, any attempt by Plaintiff to amend to state such a claim would be futile. See Schreiber Distrib., 806 F.2d at 1401. Accordingly, Plaintiff's allegations of a cover up following the alleged incident are DISMISSED WITH PREJUDICE.

**E. Negligence and Negligent Entrustment Claims**

Defendants argue that Plaintiff's negligence and negligent entrustment claims fail because they lack a sufficient statutory basis. Defendants cite in support California Government Code § 815, which provides: "Except as otherwise provided by statute . . . (a) A public entity is not liable for an injury, whether such injury arises out of an act or omission of the public entity or a public employee or any other person."

*1. Individual Defendants*

A public employee is generally liable for an injury caused by his act or omission "to the same extent as a private person," except where liability is prohibited by statute. Cal. Gov't Code § 820(a);[5] see Eastburn v. Reg'l Fire Prot. Auth., 31 Cal. 4th 1175, 1179 (2003). The liability of a public employee acting in the scope of his duties, therefore, "turns on ordinary and general principles of tort law." Lugtu v. Cal. Highway Patrol, 26 Cal. 4th 703, 716 (2001). The requirement under Section 815 that a statute establish the liability of a "public entity" does not extend to public employees.

The failure to set forth a specific statutory basis is not grounds to dismiss Plaintiff's claims for negligence or negligent entrustment against Zomalt or Huerta in their individual capacities. Defendants do not give any other reason why Plaintiff has failed to state a cause of action for negligence or negligent entrustment against Zomalt or Huerta.

*2. The County*

Section 815 precludes direct liability of a government entity in the absence of statutory authorization. Plaintiff argues that her negligence claims are based on a statute because they are brought under California Civil Code § 1714.[6] While Section 1714 authorizes a cause of action

---

[5] California Government Code § 820(a) provides, in full, as follows: "Except as otherwise provided by statute (including Section 820.2), a public employee is liable for injury caused by his act or omission to the same extent as a private person."

[6] California Civil Code § 1714 provides, in relevant part, as follows:

(a) Everyone is responsible, not only for the result of his or her

14

for negligence, it does not satisfy the requirement of Section 815 for imposing liability on a public entity. Eastburn, 31 Cal. 4th at 1183. In Eastburn, the Supreme Court of California concluded, referring to the requirement imposed by Section 815, that "direct tort liability of public entities must be based on a specific statute declaring them to be liable, or at least creating some specific duty of care, and not on the general tort provisions of Civil Code section 1714." Id. The court finds that Section 1714 does not itself provide a basis for Plaintiff's negligence claims.

Plaintiff also contends that California Government Code § 820.21[7] exempts its negligence

---

willful acts, but also for an injury occasioned to another by his or her want of ordinary care or skill in the management of his or her property or person, except so far as the latter has, willfully or by want of ordinary care, brought the injury upon himself or herself. The design, distribution, or marketing of firearms and ammunition is not exempt from the duty to use ordinary care and skill that is required by this section.

[7] California Government Code § 820.21 provides, in full, as follows:

(a) Notwithstanding any other provision of the law, the civil immunity of juvenile court social workers, child protection workers, and other public employees authorized to initiate or conduct investigations or proceedings pursuant to Chapter 2 (commencing with Section 200) of Part 1 of Division 2 of the Welfare and Institutions Code shall not extend to any of the following, if committed with malice:

(1) Perjury.

(2) Fabrication of evidence.

(3) Failure to disclose known exculpatory evidence.

(4) Obtaining testimony by duress, as defined in Section 1569 of the Civil Code, fraud, as defined in either Section 1572 or Section 1573 of the Civil Code, or undue influence, as defined in Section 1575 of the Civil Code.

(b) As used in this section, "malice" means conduct that is intended by the person described in subdivision (a) to cause injury to the plaintiff or despicable conduct that is carried on by the person described in subdivision (a) with a willful and conscious disregard of the rights or safety of others.

15

claims from the statutes providing immunity. Section 820.21, by its terms, only abrogates the civil immunity of "social workers, child protection workers, and other public employees," and does not authorize direct liability for public entities. Section 820.21 can serve, for instance, to limit immunity such public employees may enjoy for actions such as instituting a judicial or administrative proceeding or for discretionary acts. Parkes v. County of San Diego, 345 F. Supp. 2d 1071, 1082 (S.D. Cal. 2004); see Cal. Gov't Code §§ 820.2 (discretionary acts), 821.6 (judicial or administrative proceeding). The court finds that alleging conduct specified in Section 820.21 does not satisfy the requirement of Section 815 of a statutory basis for public entity liability.

A public entity can be liable for an act or an omission of a public employee in the scope of her employment. Cal. Gov't Code § 815.2;[8] Zelig v. County of Los Angeles, 27 Cal. 4th 1112, 1127 (2002). This liability attaches only where the employee would herself be liable for the act or omission and does not attach where she enjoys immunity. Cal. Gov't Code § 815.2.

Plaintiff claims that Zomalt and Huerta, employees of the County, face liability under a negligence theory. To the extent Plaintiff can allege that the County is vicariously liable for the acts and omissions of Zomalt and Huerta under Section 815.2, those claims are not barred by Section 815. On the other hand, any claims based on the County's direct liability are impermissible unless supported by "a specific statute declaring [it] to be liable." See Eastburn, 31 Cal. 4th at 1183.

---

[8] California Government Code § 815.2 provides, in full, as follows:

(a) A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.

(b) Except as otherwise provided by statute, a public entity is not liable for an injury resulting from an act or omission of an employee of the public entity where the employee is immune from liability.

16

**F. Fourth Cause of Action: Violation of Government Code § 820.21**

Defendants argue that Plaintiff's fourth cause of action based on Section 821.21 should be dismissed as overly vague. At the outset, the court recognizes that Section 820.21 does not itself provide a cause of action, but rather is an exception to certain immunities that public employees often enjoy. The substantive basis is for this cause of action is unclear to the court. At this stage, however, Plaintiff is not required to identify the substantive law on which her claim is based. Cf. Bryson v. Bank of N.Y., 584 F. Supp. 1306, 1319 (S.D.N.Y. 1984) (holding in the context of a motion for a more definite statement that plaintiff's legal theory need not be apparent on the face of the complaint). In any event, Defendants do not contend that this claim lacks a basis in substantive law.

*1. The County*

As discussed above, Section 820.21 does not authorize liability for public entities. Plaintiff does not state any other statutory basis for County's liability under this cause of action. Therefore, Plaintiff has not stated a claim under this cause of action based on the County's direct liability. The County may properly face vicarious liability under Section 815.2, however, to the extent that Plaintiff can allege that individual employees are liable under this cause of action for their own acts or omissions in the scope of their employment.

*2. Individual Defendants*

Defendants contend that the allegations are vague as to which Defendants the claim refers. They also contend that Plaintiff does not allege sufficient facts to support the claims under Section 821.21.

A plaintiff need not set forth sufficient facts to constitute a cause of action, but "must at least set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir. 1990). Courts should apply pleading standards in a common-sense fashion that accounts for plaintiffs' excusable lack of detail concerning

17

supervisors' interactions with employees. McGrath v. Scott, 250 F. Supp. 2d 1218, 1227 (D. Ariz. 2003). The fourth cause of action clearly indicates that "the Defendants, each of them," engaged in the alleged misconduct. The fourth cause of action is not vague as to which Defendants it encompasses: it alleges participation by all of them. Defendants have not identified any basis for requiring Plaintiff to allege specific facts regarding Zomalt and Huerta's alleged perjury, fabrication of evidence, and failure to disclose exculpatory evidence. Compare Barren, 152 F.3d at 1194 (requiring a plaintiff alleging personal liability of a supervisor under Section 1983 to allege facts showing the individual defendant was personally involved in causing a constitutional violation).

Plaintiff has alleged that over a finite period of time, from October 24, 2003, to April 25, 2004, Defendants engaged in specific activities—perjury, fabrication of evidence, and failure to disclose exculpatory evidence—that resulted in Lura's placement in a foster home. The court finds that the allegations in the fourth cause of action are sufficiently detailed.

**G. Motion to Strike**

Defendants move to strike Plaintiff's claim for punitive damages against the County under Rule 12(f). Municipalities are immune from punitive damages under Section 1983. Newport v. Fact Concerts, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981); Larez v. Los Angeles, 946 F.2d 630, 640-41 (9th Cir. 1991). California Government Code § 818[9] exempts public entities from punitive or exemplary damages on claims under California law. Kizer v. County of San Mateo, 53 Cal. 3d 139, 146 (1991). The court finds that, as a matter of law, none of Plaintiff's causes of action provide a basis for punitive damages against the County. Accordingly, the court strikes Plaintiff's claim for punitive damages against the County pursuant

---

[9]California Government Code § 820.21 provides, in full, as follows:

> Notwithstanding any other provision of law, a public entity is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

18

to Rule 12(f).

**CONCLUSION AND ORDER**

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that:

1. The first and second causes of action in the FAC are DISMISSED WITH PREJUDICE as to Gary Zomalt and Cathi Huerta in their official capacities;
2. The first and second causes of action are DISMISSED WITHOUT PREJUDICE as to Gary Zomalt and Cathi Huerta in their individual capacities;
3. The allegations of a cover up following Lura Devine's death in the fourth cause of action are DISMISSED WITH PREJUDICE;
4. The remainder of the fourth cause of action is DISMISSED WITHOUT PREJUDICE.
5. The third, fifth, sixth, seventh, and eighth causes of action are DISMISSED WITHOUT PREJUDICE;
6. Defendants' motion to STRIKE is GRANTED;
7. Any amended complaint SHALL BE FILED within thirty days of this order's date of service and failure to do so will result in dismissal of the action; and
8. Any answer or responsive pleading SHALL BE FILED within twenty days of the date on which Plaintiff files her amended complaint.

IT IS SO ORDERED.

**Dated:**   **August 25, 2006**                    /s/ Anthony W. Ishii
0m8i78                                              UNITED STATES DISTRICT JUDGE