IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DORE DEVINE,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> **FRESNO COUNTY, GARY ZOMALT** ) <br> **CATHI HUERTA, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | CV F 05-1408   AWI LJO <br><br> ORDER DIRECTING PLAINTIFF <br> TO FILE AN AMENDED <br> COMPLAINT AND SHOW CAUSE <br> WITHIN TWENTY DAYS WHY <br> THIS ACTION SHOULD NOT BE <br> DISMISSED |

## BACKGROUND

On March 2, 2006, Plaintiffs filed an amended complaint.

On March 13, 2006, Defendants County of Fresno, Gary Zomalt, and Cathi Huerta filed a motion to dismiss.  On August 25, 2006, the court granted the motion to dismiss.  Specifically, the court ordered that the first and second causes of action were dismissed with prejudice as to Zomalt and Huerta in their official capacities and without prejudice in their individual capacities. The court dismissed the fourth cause of action concerning a cover up with prejudice and the remainder was dismissed without prejudice.  The third, fifth, sixth, seventh, and eighth causes of action were dismissed without prejudice.  The court then ordered that any amended complaint be filed within thirty days.  The court warned Plaintiff that failure to file an amended complaint would result in dismissal of this action.

When Plaintiff did not file an amended complaint, on October 3, 2006, Defendants County of Fresno, Zomalt, and Huerta filed a motion to dismiss this action for Plaintiff's failure to file an amended complaint in compliance with the court's order.

On October 13, 2006, Plaintiff's attorney filed a declaration. The declaration states that it is Plaintiff's understanding that the action against Defendant government entities is not available. The declaration then states that along with the County of Fresno and its employees, Plaintiff also sued private individuals, including Defendants Renee Ballin, Glynda Maroney, and Tony Madden. The declaration asks that the causes of action against these private individuals not be dismissed, and these remaining causes of action be remanded to state court. Plaintiff never filed a formal opposition to the motion to dismiss.

## DISCUSSION

Defendants Ballin, Maroney, and Madden have not made an appearance in this action and were not part of the motion to dismiss that resulted in the dismissal of the complaint on August 25, 2006. However, on August 25, 2006, the court dismissed the complaint with leave to amend. The eighth cause of action for wrongful death was dismissed. Nothing in the court's August 25, 2006 order stated or implied that the complaint would proceed on state law causes of action against Defendants Ballin, Maroney, and Madden. The August 25, 2006 order dismissed the operative complaint and provided Plaintiff with the opportunity to file an amended complaint. The court warned Plaintiff that failure to timely file an amended complaint would result in this action's dismissal.

Over thirty days have passed and Plaintiff has not filed an amended complaint. A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action or failure to obey a court order. See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action for lack of prosecution or failure to obey a court order the court must consider several factors, including: (1) the public's interest in expeditious

1  resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the
2  defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the
3  availability of less drastic alternatives.  <u>Ghazali v. Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995); <u>Ferdik</u>,
4  963 F.2d at 1260-61.

5       If Plaintiff had failed to file an amended complaint and also not contacted the court, the
6  court would have no choice but to dismiss this action.  However, a liberal reading of Plaintiff's
7  October 13, 2006 filing indicates that Plaintiff believes there is a complaint on file and the
8  complaint was only dismissed as to the government actors.   While the court's August 25, 2006
9  order dismissed the entire complaint, leaving nothing for this court to remand to state court,
10 Plaintiff has expressed a desire to proceed against Defendants Ballin, Maroney, and Madden on
11 state law claims.    Because Plaintiff's failure to file an amended complaint appears to be based
12 on Plaintiff's misunderstanding regarding the scope of the August 25 2006 order and not
13 Plaintiff's intention to abandoned this action entirely, the court will give Plaintiff one additional
14 opportunity to file an amended complaint.

**ORDER**

16     Accordingly, Plaintiff is ORDERED to file an amended complaint within twenty days of
17 this order's date of service and show cause why this entire action should not be dismissed.   If
18 Plaintiff desires to only proceed against Defendants Ballin, Maroney, and Madden on state law
19 claims, Plaintiff is directed to file a motion to remand along with her amended complaint.
20 Plaintiff is forewarned that failure to file an amended complaint and failure to show cause will
21 result in this action's dismissal as to all Defendants.
22 IT IS SO ORDERED.

23 **Dated:    November 13, 2006**              /s/ Anthony W. Ishii
   9h0d30                                    UNITED STATES DISTRICT JUDGE

3