IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORE DEVINE, | CASE NO. CV F 05-1408 AWI LJO |
| Plaintiff, | **REMAND ORDER** |
| vs. | |
| GLYNDA MARONEY, et al, | |
| Defendants. | |
| _____/ | |

Plaintiff Dore Devine ("plaintiff") seeks to remand this action to Fresno County Superior Court on grounds that her operative third amended complaint alleges wrongful death claims which do not invoke federal jurisdiction. Plaintiff originally alleged 42 U.S.C. § 1983 and state causes of action that former defendants Fresno County Department of Children and Family Services, the director of Fresno County Child Protective Services (Gary Zomalt), and a social worker (Cathi Huerta) wrongfully placed plaintiff's daughter in protective custody to result in the daughter's death.

After successful defense motions to dismiss, plaintiff, on December 6, 2006, filed her third amended complaint against defendants:

1. Candis Ryson and Peggy Thompson, Fresno County social workers who placed plaintiff's daughter into foster care;

2. Glynda Maroney, the foster care provider who cared for plaintiff's daughter at the time of her death;

3. Renee Ballin, who owned the home where plaintiff's daughter died; and

1.     4.    Tony Madden, Glynda Maroney's husband.

Plaintiff's third amended complaint does not allege claims against former defendants Fresno County Department of Children and Family Services, Gary Zomalt and Cathi Huerta. The third amended complaint alleges that defendants Candis Ryson, Peggy Thompson, Glynda Maroney, Renee Ballin and Tony Madden's negligence resulted in the death of plaintiff's daughter.

28 U.S.C. § 1447(c) provides in pertinent part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." A leading practice guide notes: "The court may and should raise lack of subject matter jurisdiction on its own motion." 1 Schwarzer, Tashima & Wagstaffe, *Cal. Practice Guide: Fed. Civil Procedure Before Trial* (2006) Removal Jurisdiction, para. 2:1083.1, p. 2D-208. The third amended complaint alleges state law claims and on its face, alleges neither facts nor claims to invoke this Court's jurisdiction.

On the basis of good cause, this Court:

1. REMANDS this action to Fresno County Superior Court;
2. VACATES the January 31, 2007 scheduling conference; and
3. DIRECTS this Court's clerk to take necessary action to remand this action to Fresno County Superior Court and to close this action.

IT IS SO ORDERED.

**Dated:  January 30, 2007**                    **/s/ Lawrence J. O'Neill**
66h44d                                                            UNITED STATES MAGISTRATE JUDGE